UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WINKELMAN, *et al.*, | ) | Case No.: 1:08 CV 919 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| OHIO DEPARTMENT OF EDUCATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Plaintiffs Jeffrey and Sandee Winkelman ("Plaintiffs"), who are the parents of J.W., an autistic child, filed suit against Defendants: the Ohio Department of Education; Susan Tave Zelman, Superintendent of Public Instruction for the State of Ohio; the Ohio Department of Education, Office of Exceptional Children; and, Jane Wiechel, Associate Superintendent, Center for Students, Families, and Communities (collectively, "State Defendants"), seeking injunctive relief for the State Defendants' alleged failure to abide by the mandates of the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* with respect to the "stay-put provision" of 34 C.F.R. § 300.518(d). Now pending before the court is the State Defendants' Motion for Dismissal or Summary Judgment (ECF No. 18). For the following reasons, the court grants the State Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted.

### I. FACTS AND PROCEDURAL HISTORY

Plaintiffs and their son, J.W., reside in the City of Parma. (Compl. ¶ 1.) J.W. has been diagnosed with moderate to severe autism and is therefore entitled to receive special education and related services pursuant to the IDEA. (*Id.* ¶ 2.) Under the IDEA, J.W. is entitled to an Individualized Education Plan ("IEP") tailored to meet his special needs. Due to a dispute between Plaintiffs and the Parma City School District ("Parma"), Plaintiffs notified Parma of their intention to enroll J.W. at Bellefaire JCB Monarch School ("Monarch School") in Shaker Heights, Ohio, for the 2007-2008 school year.

On or about August 13, 2007, Plaintiffs filed a formal request for an impartial due process hearing as provided by the IDEA. (*Id.* ¶ 2.) Plaintiffs alleged that Parma denied J.W. his right to a free and appropriate education ("FAPE") as mandated by the IDEA. (*Id.* ¶ 13.) In his March 7, 2008 decision, Independent Hearing Officer ("IHO") Ronald Alexander found that J.W.'s 2007-2008 IEP was inappropriate, that J.W. had not a received a FAPE, and, as a result, ordered that Parma reimburse Plaintiffs for the cost of enrolling J.W. in Monarch School for the 2007-2008 school year. (*Id.* ¶ 15.) Plaintiffs construe IHO Alexander's decision as a "new agreement between [State Defendants] and the parents as mandated by 34 C.F.R. § 300.518(d)." This "stay-put" regulation provides as follows:

> If the hearing officer in a due process hearing <u>conducted by the SEA or a State review official</u> in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section.

(Emphasis added). In light of 34 C.F.R. § 300.518(d), Plaintiffs contacted the State Defendants to demand that the State Defendants fund J.W.'s continued placement and education at Monarch School while IHO Alexander's decision is appealed through the administrative process. (Compl. ¶ 19, Ex. C.) The State Defendants refused to comply with Plaintiffs' demands, arguing that the stay-

put provision was not applicable in the instant case because IHO Alexander was serving as a hearing officer at the local educational agency ("LEA") level, and his decision therefore cannot represent an agreement by the state educational agency ("SEA") with Plaintiffs as contemplated by the stay-put provision. (Compl., Ex. D.) In the alternative, State Defendants asserted that IHO Alexander's decision did not find that a change in placement is appropriate. (*Id.*)

Plaintiffs filed suit, asking: (1) the court to determine that the State Defendants are required to adhere to the mandates of the IDEA while IHO Alexander's decision is administratively appealed and that, pursuant to 34 C.F.R. § 300.518(d), J.W.'s current placement is now Monarch School; and (2) an award under 42 U.S.C. § 1983 for harm to Plaintiffs resulting from the deprivation of guaranteed rights under the IDEA and the U.S. Constitution. (*Id.* at 7.) State Defendants then filed their Motion for Dismissal or Summary Judgment.

## II. STANDARD OF DISMISSAL

The court construes the State Defendants' Motion for Dismissal or Summary Judgment as a Motion to Dismiss because the issue in the instant case is essentially one of statutory interpretation of the stay-put provision. The court examines the legal sufficiency of Plaintiff's claim under Rule 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court recently clarified what the plaintiff must plead in order to survive a Rule 12(b)(6) motion in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. The plaintiff's obligation to provide the grounds for

relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. Additionally, even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*

### III. LAW AND ANALYSIS

State Defendants' Motion for Dismissal or Summary Judgment is based on three grounds. First, the State Defendants allege that Plaintiffs have failed to join Parma, a party required to be joined by Rule 19(a). Secondly, the State Defendants argue that Plaintiffs' claim under the stay-put provision fails as a matter of law because IHO Alexander's decision was not made in a "hearing conducted by the SEA or state review official," and the decision also did not involve a "change in placement." Finally, the State Defendants assert that Plaintiffs' § 1983 claim fails for the following reasons: (1) state entities are not "persons" liable to suit under § 1983; (2) Defendant Zelman has insufficient involvement to be liable under § 1983; (3) Plaintiffs have not stated viable substantive due process claims or procedural due process claims; and (4) the individual State Defendants are protected by qualified immunity. For the following reasons, the court grants the State Defendants' Motion to Dismiss.

#### A. Rule 19

For the following reasons, the court finds that the State Defendants' Motion to Dismiss pursuant to Rule 12(b)(7) for failure to join Parma as a party under Rule 19 is not well-taken. Rule 19(a) provides that:

> a person who is subject to service of process and whose joinder will not deprive the
> court of subject-matter jurisdiction must be joined as a party if:

>     (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>     (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>         (i) as a practical matter impair or impede the person's ability to protect the interest; or
>         (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The State Defendants argue that Parma should be joined under Rule 19(a)(1)(B)(i) since, if the court rules against the State Defendants, Parma would be prejudiced because the State Defendants will look to Parma for reimbursement. (State Defs.' Mot. to Dismiss at 9-10.) However, the court finds Plaintiffs' argument that Parma will not be prejudiced if it is not joined in this action is well-taken because "Parma can have confidence that the attorney will 'vigorously defend the financial interests of the state defendants.'" (Pl.'s Mem. in Opp'n to State Defs.' Mot. to Dismiss, citing *Women's Med. Prof'l Corp. v. Voinovich,* 130 F.3d 187 (6th Cir. 1997), wherein the Sixth Circuit upheld the district court's refusal to join interested local officials in a suit against the state, noting that "the Attorney General has vigorously defended the constitutionality of the Act" at issue).

The court's finding that joinder is not required in the instant case under Rule 19(a)(1)(B)(i) is also buttressed by the fact that, although Parma's counsel attended a telephonic conference call conducted by the court on June 18, 2008, (ECF No. 15), wherein the State Defendants expressed its opinion that Parma should be joined in this action, Parma did not claim an interest in joinder at the conference or any time thereafter.

### B. Stay-Put Provision

For the following reasons, the court finds that Plaintiffs' claim that the stay-put provision is applicable in the instant case fails as a matter of law because the stay-put provision does not apply to a first-tier due process hearing conducted by a local school district. Therefore, the court need not

address the State Defendants' alternative argument that IHO Alexander's decision did not constitute a change in placement.

### 1. IDEA Provisions Regarding Due Process Hearings

The IDEA requires that states provide mechanisms for resolving disputes about IEPs and their implementation. A parent is entitled to "an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A). If the state elects to allow the local educational agency to conduct the due process hearing, it must provide for an appeal to the state educational agency. *Id.* § 1415(g). Conversely, if the due process hearing is held by the state, no appeal is required. *Id.* The former system is often referred to as a two-tiered system, while the latter is known as a one-tiered system. As stated above, the current stay-put provision, which was codified in 2006, provides that:

> If the hearing officer in a due process hearing <u>conducted by the SEA or a State review official</u> in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section.

34 C.F.R. § 300.518(d) (emphasis added). Conversely, the prior version of the stay-put provision was found at 34 C.F.R. § 300.514(c) and provided that:

> If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State <u>or local agency</u> and the parents for purposes of paragraph (a) of this section.

(Emphasis added to show difference in the prior and current versions.) The Federal Register clarified the significance of deleting the provision that a change in placement is treated as an agreement

-6-

between the parents and the local agency, stating, in pertinent part, that:

> To clarify that <u>new § 300.518(d) does not apply to a first-tier due process hearing decision in a State that has two tiers of administrative review</u>, but only to a State-level hearing officer's decision in a one-tier system or State review official's decision in a two-tier system that is in favor of a parent's proposed placement, we are removing the reference to "local agency" in new § 300.518(d). This change is made to align the regulation more closely with case law.

71 F.R. 46540 (Emphasis added).

<u>2. Entity that Conducts First-Tier Due Process Hearing</u>

The parties do not dispute that Ohio provides for two-tiered due process hearings. However, Plaintiffs argue that the State conducts both the first and second tier hearings, and the stay-put provision is therefore applicable to the instant case. Conversely, Defendants argue that the local school district conducts the first-tier hearings, and that the stay-put provision is therefore inapplicable to the instant case. The issue regarding which entity in Ohio conducts due process hearings and the import of such a determination appears to be an issue of first impression in the Sixth Circuit. Therefore, the court will look to how other courts have analyzed this issue and then to Ohio's due process hearing statutory framework.

In *Murphy v. Arlington Central School District Board of Education,* 86 F. Supp. 2d 354, 364 (S.D.N.Y 2000), the court held that the IHO decision was made by a first-tier local district administrative hearing officer and therefore did not constitute an agreement with the parents for purposes of the prior version of the stay-put provision, 34 CFR § 300.514(c). The court based its holding that the IHO was a local school district officer upon New York's administrative scheme, which provided that "the initial hearing is conducted by an impartial hearing officer selected by the local board of education...[and] [t]he State then oversees the administrative appeal." *Id.* at 365.

Additionally, the court reasoned that the IDEA only provides explicitly for two-tiered systems in which the first hearing is conducted at the local level, despite the fact that some states conduct first-tier hearings at the state level. *Id.* The *Murphy* court stated that "it is arguable that 34 C.F.R. § 300.514(c) was limited in its application, not only to state administrative decisions, as opposed to local decisions, but also to the <u>final</u> administrative decision available under that state's procedure." *Id.* (Emphasis added).

Similarly, the court in *Wittenberg v. Winston-Salem/Forsyth County Board of Education,* No. 1:05 CV 818, 2006 U.S. Dist. LEXIS 63812, at \*17 (M.D. N.C. Sept. 1, 2006), held that the prior version of the stay-put provision "should be read to mandate an agreement after a decision of a hearing officer in a due process hearing conducted by the SEA <u>only</u> if there is no further appeal to a state review official." (Emphasis added). The *Wittenberg* court premised its holding on its finding that "the statute on which the regulation is based does not contemplate a situation in which a hearing conducted by the state will be appealed to a state review official." *Id.*; *see also CJN v. Minneapolis Pub. Schs.,* 323 F.3d 630, 642 (8th Cir. 2003) (holding that the district court did not err when it found that the stay-put provision did not apply to a first-tier due process hearing conducted by a local school district).

Conversely, the court in *Benjamin v. Greater Clark County Schools,* 458 F. Supp. 2d 845, 854-55 (S.D. Ind. 2006), found, after weighing all the factors, that the first-tier due process hearings in Indiana were conducted by the state, not the local school district. The *Benjamin* court based this finding upon the fact that "the state sets the rules and procedures for the hearings, ensures the qualifications and competence of the pool of IHOs, and selects the IHOs," although the local district pays for the first-tier due process hearing. *Id.* The court then held that the stay-put provision

-8-

applied to the state-conducted first-tier proceeding. Specifically, the court stated that, "either type of decision qualifies under this language and there is no indication that an unfavorable second-tier decision vitiates the effect of a favorable first-tier decision." *Id.*

### 3. Ohio's Due Process Hearing Statutory Framework

Plaintiffs argue that an analysis of the Ohio Administrative Code demonstrates that the first-tier due process hearings are conducted by the state, while the State Defendants argue that the Ohio Administrative Code provides that first-tier hearings are conducted by the local school district. For the foregoing reasons, the court finds that Ohio's first-tier due process hearings are conducted by the local district.

Ohio Admin. Code § 3301-51-08(B)(1)[1] addresses the first tier of review and states that the "school district shall provide ... an opportunity to have an impartial due process hearing." The Ohio Administrative Code § 3301-51-08(C)(1) provides that "the hearing must be requested in writing to the superintendent of the school district of residence." The IHO is "an attorney licensed to practice law in Ohio who has successfully completed all training required by the office of exceptional children," *id.* § 3301-51-08(E)(1), but that person must be impartial. The IHO cannot be "an employee of the Ohio department of education or any public school district that is involved in the education or care of the child under consideration or have any personal or professional interest that would conflict with the officer's objectivity at the hearing." *Id.* § 3301-51-08(E)(3). Local school districts must provide certain procedural protections to the parents, *id.* §§ 3301-51-

---

[1] Ohio Admin. Code § 3301-51-08, effective until July 1, 2008, was applicable during the first-tier due process hearing, and is therefore pertinent to the issues involved herein. A new version of Ohio Admin. Code 3301-51-08 was promulgated and went into effect on July 1, 2008.

08(C)(2), (3), (5) and, significantly, local districts fund the hearings. *Id.* § 3301-51-08(K). The court is not persuaded by Plaintiffs' argument that the first-tier hearings are conducted by the state because, for example, the independent hearing officer is trained and certified by the state and all impartial hearings are conducted pursuant to state-promulgated regulations. Such provisions serve to ensure consistency and regularity in the proceedings in regard to school districts throughout the state.

Conversely, requests for the second-tier State level review are submitted directly to the State, *id.* §§ 3301-51-08(H)(1),(2),(4), the State directly appoints State Level Reviewing Officers, *id.* §§ 3301-51-08(H)(2), and the State pays for such hearings. *Id.* § 3301-51-08(K)(5). Based on the differences in the delineation of responsibilities in the Ohio Administrative Code between the first and second tier hearings, the court finds that the local school districts conduct the first-tier due process hearings, and the State conducts the second-level due process hearings.

### 4. Application

As stated above, the court finds that the first tier of due process hearings in Ohio are conducted by local school districts. Therefore, the stay-put provision is inapplicable in the instant case because the first-tier due process hearing is not a "hearing conducted by the State" as required by the stay-put provision.[2] Accordingly, the court finds that Plaintiffs fail to state a claim upon

---

[2] Based on this court's holding, the court need not address whether the stay-put provision is "limited in its application, not only to state administrative decisions, as opposed to local decisions, but also to the <u>final</u> administrative decision available under that state's procedure." *Murphy,* 86 F. Supp. 2d at 364; *see also* 71 Fed. Reg. 46540 ("[N]ew § 300.518(d) does not apply to a first-tier due process hearing decision in a State that has two tiers of administrative review, but only to a State-level hearing officer's decision in a one-tier system or State review official's decision in a two-tier system that is in favor of a parent's

which relief can be granted as a matter of law.

### C. Deficiencies in § 1983 Claim

Plaintiffs' § 1983 claim was premised upon the fact that the State Defendants violated J.W.'s constitutional rights when it "willfully violat[ed] Plaintiffs' rights" by "virtue of their disobedience" in failing to apply the stay-put provision to IHO Alexander's first-tier administrative decision. Since the court finds the stay-put provision is inapplicable to IHO Alexander's decision, the court finds that Plaintiffs fail to state a § 1983 claim upon which relief can be granted as a matter of law. Therefore, the court need not address Defendants' argument that Plaintiffs' § 1983 claims fail as a matter of law because: (1) state entities are not "persons" liable to suit under § 1983; (2) Defendant Zelman has insufficient involvement to be liable § 1983; (3) Plaintiffs have not stated viable substantive due process claims or procedural due process claims; and (4) the individual State Defendants are protected by qualified immunity.

### IV. CONCLUSION

For the reasons stated above, the court grants the State Defendants' Motion to Dismiss (ECF No. 18) for failure to state a claim upon which relief can be granted based on its finding that the due process hearing involved herein was a local rather than a state proceeding. The court sees no need to treat the Motion as one for summary judgment.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

---

proposed placement...").

-11-

August 19, 2008